# Eley
## Law

Columbus

*Counseling in Intellectual Property Matters*

**James R. Eley**
**Michael A. Forhan**
*Registered Patent Attorneys*

_____

**Claire J. Patton**
*Registered Patent Agent*

September 17, 2013

Melissa S. Hockersmith, Esq.
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee WI 53226-0618

Re: Allegation of Infringement of U.S. Trademark Reg. No. 3,584,340
   U.S. AUTOFORCE and Design
   Your File: 9126.22135-LIT

Dear Ms. Hockersmith:

We have examined the likelihood of confusion between your client's U.S. AUTOFORCE logo and our client's ZEUS AUTO FORCE logo and frankly cannot arrive at the same conclusion that you have reached.  We offer the following observations:

1. The prominent word portions of the two marks are entirely different – ZEUS vs. AUTOFORCE.  Furthermore, U.S. AutoForce and Zeus Auto Force evoke completely different ideas, U.S. vs. Zeus.

2. The two logos do not bear any notable similarity. U.S. AutoForce is displayed on a single line and uses a single size font. Zeus Auto Force is on multiple lines and uses drastically different size fonts in upper and lower caps. Your client's logo contains a single star – our client's uses flames.  Our client's logo does not underline its entire mark with two parallel lines as described in your client's registration.

3. The phrase AUTO FORCE is in widespread usage throughout the United States in connection with automotive-related businesses and thus, represents a weak mark subject to narrow rights, if any.

4. Zeus Auto Force, Inc. adopted its mark without knowledge of your client's mark, thus there was no "intentional misappropriation" of any goodwill associated with your client's mark.

5. Our client is unaware of any actual confusion between the two marks. You have not asserted otherwise.

**EXHIBIT C**

Page 2

6.  Consumers of the respective products are sophisticated and would not be purchasing products on a wholesale basis without knowing their source of supply.

7.  Potential consumers who consult written advertising sources, such as Yellow Pages, would not likely find U.S. AutoForce and Zeus Auto Force next to one another and, even if they did, would be able to clearly distinguish between the two marks.

8.  We conducted multiple internet searches on the terms AUTOFORCE, AUTO FORCE and ZEUS AUTO FORCE.  The first 500 hits on Google search engine yielded NO hits that included our client's mark. DuckDuckGo search engine was also employed and it, too, did not yield any Zeus-related hits in the first 350 hits.  I did not search beyond that. Ironically, what these searches demonstrated was an extensive use of the term AUTO FORCE throughout the United States to the point of suggesting that the term is generic with respect to the supply of automotive goods and services.

9.  Both of your client's registrations are subject to scrutiny in a cancelation proceeding on grounds of being descriptive or generic.

Given the inherent weakness of the U.S. AUTOFORCE mark, the relative distinctiveness of the ZEUS AUTO FORCE mark, as well as the significant visual difference between the two marks and the other factors cited above, Zeus submits that no consumer would be likely to confuse the two.

We believe that we have sufficiently demonstrated a lack of a likelihood of confusion and now consider this matter resolved.

Sincerely,

ELEY LAW FIRM CO, LPA

James R. Eley

Copy: Zeus Auto Force, Inc.